UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
LUIZ DELA-CRUZ aka JOSE
OSORIO-HERNANDEZ,

                Petitioner,                       **ORDER**
                                                     06-CV-4749 (SJF)

   -against-

STATE OF NEW YORK,

                Respondent.
----------------------------------------------------------x
FEUERSTEIN, J.

I.     Introduction

     On August 24, 2006, Luiz Dela-Cruz ("petitioner") filed a document, entitled "Motion to Expunge an Open Warrant," seeking to expunge a detainer that the State of New York lodged against him. The jurisdictional basis for this application is 28 U.S.C. § 2241. For the reasons set forth below, the petition is denied.

II.    Background

     Petitioner is currently in federal custody serving a twenty-four month sentence in Pennsylvania, with a release date tentatively set for September 10, 2007. (Petition ("Pet.") at 2). On July 31, 2006, petitioner received notification of an open Kings County warrant against him on charges of criminal sale of a controlled substance and criminal possession of a narcotic drug. (Id. at 2). Petitioner alleges that the outstanding warrant precludes him from participating in certain prison rehabilitation programs. (Id. at 3). Moreover, petitioner alleges that his right to a speedy trial has been violated because "a state may not ignore a criminally accused [sic] request

1

to be brought to trial via speedy trial merely because the department that has lodged such detainer/warrant is not ready or willing to execute the speedy trial at this time, but must make a reasonable efforts to secure his presence for trial [sic]. . . ." (Id.). Petitioner seeks to have this Court expunge the state charges or in the alternative, "to have it run con-current [sic] with his federal time." (Id. at 2).

III. Discussion

The Interstate Agreement on Detainers Act, 18 U.S.C. App. II ("IAD"), prescribes procedures for a participating state to gain custody of a prisoner incarcerated in another jurisdiction in order to try him on criminal charges. See Reed v. Farley, 512 U.S. 339, 341 (1994). The IAD permits inmates in one jurisdiction who are facing prosecution in another jurisdiction to demand resolution of any pending indictment, information, or complaint in that other jurisdiction. 18 U.S.C.A. App. II.

A prisoner against whom a detainer has been lodged must be brought to trial within one-hundred and eighty (180) days after "he shall have cause to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition. . . ." 18 U.S.C.A. App. 2 § 2 Art. III(a). The one-hundred and eighty (180) day time period does not commence until the prisoner's request for final disposition of the charges against him has actually been delivered to the court and to the prosecuting officer of the jurisdiction that lodged the detainer against the prisoner. Fex v. Michigan, 507 U.S. 43, 52 (1993).

In addition, although § 2241 does not explicitly require exhaustion, judicial decisions have incorporated an exhaustion requirement as part of the judicial review under § 2241. See

Braden v. 30th Judicial Circuit, 410 U.S. 484, 489 (1973) (state remedies exhausted in challenge to interstate detainer). In order to seek habeas relief for a purported violation of IAD, a petitioner must first exhaust state remedies. Id.; Sacco v. Falke, 649 F.2d 634, 636-37 (8th Cir. 1981); Neville v. Cavanagh, 611 F.2d 673, 675 (7th Cir. 1979). See also United States v. Torres, No. 01 CR 302, 2001 U.S. Dist. LEXIS 9669, at *6 (E.D.N.Y. June 5, 2001) (IAD procedural requirements are to be construed literally); Richards v. State of New York, No. 88 CV 3714, 1989 U.S. Dist. LEXIS 3089, at *1 (E.D.N.Y. Mar. 21, 1989) (petition dismissed for failure to exhaust state remedies); Sorenson v. Bell, 441 F.Supp. 265, 267 (S.D.N.Y. 1977) (prisoner was required to seek dismissal of indictment in state court before pursuing federal habeas corpus relief).

Petitioner is required to seek dismissal of the indictment in the state trial court as provided by the IAD. It appears that he has not done so. Even assuming that petitioner, after receiving notification of the detainer, followed IAD's procedural requirements, the one-hundred and eighty (180) day period has not expired, and therefore there is no speedy trial violation. See Fex, 507 U.S. at 52 ("180-day time period in Article III(a) of the IAD does not commence until the prisoners request for final disposition of the charges against him has actually been delivered to the court and prosecuting officer of the jurisdiction that lodged the detainer against him."). See also United States v. Paredes-Batista, 140 F.3d 367, 374 (2d Cir. 1998). Accordingly, petitioner must move for dismissal of the detainer and the underlying charges in the state court where his charges are pending.

IV. Conclusion

3

The petition is denied. No certificate of appealability shall issue as petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253 (c)(2); Lucidore v. New York State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000); Lozada v. United States, 107 F.3d 1011 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997).

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from the judgment denying this petition would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to enter judgment denying the instant petition and dismissing this case.

IT IS SO ORDERED.

_____
Sandra J. Feuerstein
United States District Judge

Dated: Brooklyn, New York
       November __, 2006

Copies To:

New York State Attorney General's Office
120 Broadway, 22nd Floor
New York, NY 10271

Luiz Dela-Cruz
#64587-180
MVCC Unit
PO Box 2000
Philadelphia, PA 16866